UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES T. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-673-TAV-CCS |
| | ) | |
| KEVIN HAMPTON and | ) | |
| TODD WIGGINS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil case is before the Court on Kevin Hampton and Todd Wiggins's (collectively "Defendants") motion to dismiss [Doc. 12]. Pro se plaintiff did not respond to the motion to dismiss, and his time in which to do so has expired. *See* E.D. Tenn. L.R. 7.1. For the reasons contained herein, Defendants' motion to dismiss will be **GRANTED**.

I.  **BACKGROUND**

On November 30, 2016, Plaintiff initiated the present action by filing a complaint with this Court under 42 U.S.C. § 1983 [Doc. 2]. As grounds for suit, the complaint alleges that Plaintiff was transferred to Northeast Correctional Complex ("NECX") to be housed in the Segregated Security Management Unit, but was placed in general population in a high-close custody unit instead [*Id*. at 4]. As a result, Plaintiff claims he was assaulted and suffered injuries [*Id*.]. Plaintiff alleges that Defendants are liable for "not performing their job duties in accordance with Tennessee Department of Correction's [("TDOC")] policies and procedures" [*Id*.]. Plaintiff maintains that had Defendants acted in accordance with TDOC policies and procedures he would have been placed in his intended unit and "out of harm's way" [*Id*.].

Since the assault, Plaintiff complains that he experiences pain and muscle spasms [*Id.*]. He alleges that the incident has caused him to request mental health services and re-start a regimen of psychiatric medication, as well as seek therapy [*Id.*]. Plaintiff further complains that due to the incident his vision is permanently damaged [*Id.*].

Defendants filed the instant motion to dismiss for failure to state a claim for relief, arguing that the complaint makes no specific allegations of wrongdoing against Defendants [Doc. 12]. Defendants further argue that this case is based, in part, on the doctrine of respondeat superior, which is not a basis for liability under 42 U.S.C. § 1983, and thus should be dismissed [*Id.*].

The Court previously granted Plaintiff's motion for extension of time to file a response to Defendants' motion to dismiss [Doc. 17]. However, Plaintiff has failed to file a response in the time allotted by this Court.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. To survive a motion to dismiss, a complaint need contain only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give [the opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the claimant, accept all factual allegations as true, draw all reasonable

inferences in favor of the claimant, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering a 12(b)(6) motion, the Court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendants' motion to dismiss so long as they are referred to in the Complaint and are central for the claims contained therein." *Basset v. Nat'l Collegiate Athletics Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, when considering a complaint filed by a pro se plaintiff, courts give the complaint a "liberal construction." *See Kennedy v. First NLC Servs. LLC*, No. 08-12504, 2009 WL 482715, at *1 (E.D. Mich. Feb. 25, 2009).

## III. ANALYSIS

Defendants argue that the allegations in Plaintiff's complaint are insufficient to support his claims against them. First, Defendants argue that Plaintiff identifies Kevin Hampton and Todd Wiggins as defendants, but makes no mention of either Defendant, or any policy, procedure, or custom attributable to them, throughout his complaint.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit has found that, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints." *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)

3

(dismissing complaint where the plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claim where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 238 F.3d 421, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement for each defendant); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722, at *1 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Defendants further argue that Plaintiff "simply makes the broad, conclusory allegations that," [i]f the defendants had performed the duties of their jobs within the capacities listed in their own TDOC policies and procedures, I would have never had been in that unit to be in harm's way" [Doc. 2 p. 4]. The Court agrees and concludes that Plaintiff has provided only a general, single-sentence claim against Defendants that is both vague and conclusory, which precludes the Court from finding an actionable constitutional injury. Conclusory allegations will not support a § 1983 claim. *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.") (citing *Lillard c. Shelby Cnty. Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1987).

To the extent that Plaintiff seeks to hold Defendants liable based on their respective roles as supervisory officials, a theory of supervisory liability is unavailing in a § 1983 case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding

4

that liability under § 1983 may not be imposed simply because a defendant "employs a tortfeasor"). The law is settled that § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Mich. Dept. of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). At a minimum, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676–77. Plaintiff can still hold these Defendants liable so long as he can demonstrate that they authorized, approved, or knowingly acquiesced in any alleged wrongdoing of a subordinate. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). An "affirmative link" must exist between the subordinate's misconduct and the supervising officers' authorization or approval of the claimed wrongdoing. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Here, Plaintiff does not allege that Defendants were responsible for, or even knew of, his placement in general population, and thus, failed to state a claim against either Defendant.

As an alternative basis for dismissal, the Court notes that it may properly dismiss this case for want of prosecution. *See, e.g.*, *Custom v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986); Fed. R. Civ. P. 41(b). Failure to respond or otherwise oppose a motion operates as both a waiver of opposition to and an independent basis for granting the unopposed motion. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Almost four months have passed since Defendants filed the instant motion to dismiss on March 10, 2017 [Doc. 12]. Even after the Court granted Plaintiff an extension for time to file a response to Defendants' motion, Plaintiff has not responded and, by way of the same, is found to

5

have waived opposition to Defendants' request. *Millworks Constr., LLC v. Env't, Safety & Health, Inc.*, No. 3:12-CV-177, 2015 WL 11019129, at *1–2 (E.D. Tenn. Mar. 23, 2015).

## IV. CONCLUSION

For the reasons discussed herein, the Court will **GRANT** Defendants' motion to dismiss [Doc. 12] and will **DISMISS** this case for failing to state a claim against Defendants. The Clerk of Court will be directed to **CLOSE** this case.

**AN APPROPRIATE ORDER WILL FOLLOW.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE